**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORA JOSEFINA REGALADO DE PERLERA, | No. 06-75182 |
| Petitioner, | Agency No. A094-203-014 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2011[**]
Pasadena, California

Before: KLEINFELD, LUCERO,[***] and GRABER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Petitioner Dora Josefina Regalado de Perlera, a native and citizen of El Salvador, appeals from the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of asylum and withholding of removal.

Reviewing de novo, Singh v. INS, 213 F.3d 1050, 1052 (9th Cir. 2000), we hold that the BIA correctly determined that Petitioner may not withdraw her plea, in which she conceded removability and admitted the facts contained within the Notice to Appear. Aliens "are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances." Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir. 1986). We, like the BIA, find no egregious circumstances here.

Moreover, even if Petitioner were not bound by her lawyer's concession on her behalf, Petitioner herself admitted that she attempted to smuggle an alien into the United States. Petitioner is bound by her own admission and is therefore removable as an alien who had "aided [another] alien to . . . try to enter the United States in violation of law." 8 U.S.C. § 1182(a)(6)(E)(I).

We need not determine whether the BIA erred by applying In re Maldonado-Cruz, 19 I. & N. Dec. 509 (B.I.A. 1988), despite our own decisions in Sangha v. INS, 103 F.3d 1482, 1488 (9th Cir. 1997); Maldonado-Cruz v. INS, 883 F.2d 788, 791 (9th Cir. 1989), abrogated on other grounds by INS v. Elias-Zacarias, 502 U.S.

478, 483 (1992); Desir v. Ilchert, 840 F.2d 723, 728 (9th Cir. 1988); and

Bolanos-Hernandez v. INS, 767 F.2d 1277, 1286 (9th Cir. 1985), because the BIA

properly denied Petitioner's asylum claim on an alternative ground.

We hold that the BIA properly denied Petitioner's asylum claim on an

alternative ground. Substantial evidence supports the BIA's separate finding that,

even if Petitioner had established past persecution, conditions in El Salvador have

fundamentally changed so that Petitioner "no longer has a well-founded fear of

persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A); see Hamazaspyan v. Holder, 590

F.3d 744, 747 (9th Cir. 2009) ("Factual findings are reviewed for substantial

evidence." (internal quotation marks omitted)). As noted in the 2003 State

Department report, El Salvador—Profile of Asylum Claims & Country Conditions,

the FMLN has been integrated into the legitimate government and no longer poses

a danger.

For the reasons stated above, we also affirm the BIA's denial of Petitioner's

withholding of removal claim. See Al-Harbi v. INS, 242 F.3d 882, 888-89 (9th

Cir. 2001) ("Th[e] clear probability standard for withholding of removal is more

stringent than the well-founded fear standard governing asylum." (citation and

internal quotation marks omitted)).

Petition DENIED.

3