**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS JORGE ROSALES-GUINEA, | No. 10-70102 |
| Petitioner, | Agency No. A072-525-516 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2011[**]
Portland, Oregon

Before: THOMAS and GRABER, Circuit Judges, and MAHAN,[***] District Judge.

Petitioner Nicolas Jorge Rosales-Guinea, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of

asylum and withholding of removal. Reviewing the BIA's factual determinations

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

for substantial evidence, Hamazaspyan v. Holder, 590 F.3d 744, 747 (9th Cir. 2009), we deny the petition.

Substantial evidence supports the BIA's determination that, even assuming that Petitioner established the presumption of a well-founded fear of future persecution, the presumption was rebutted by evidence of changed country conditions. See 8 C.F.R. § 1208.13(b)(1)(i)(A); see also 8 U.S.C. § 1252(b)(4)(B) (substantial evidence exists "unless any reasonable adjudicator would be compelled to conclude to the contrary"). The record shows that the Guatemalan civil war ended in 1996. The State Department's 2006 country report on Guatemala makes no mention of reprisals against former members of the Guatemalan military by former guerillas, and it expressly notes that there were "no reports of politically motivated disappearances." The BIA's analysis of changed country conditions was sufficiently individualized because it also found that Petitioner's father and brother continue to live unharmed in Guatemala, despite their past military service, and that there was no "evidence that anyone currently wishes to harm [Petitioner]."

Substantial evidence also supports the BIA's determination that Petitioner reasonably could relocate to another area of Guatemala. See 8 C.F.R. § 1208.13(b)(1)(i)(B). Petitioner's testimony before the immigration judge established that, in 1987, he left his home village and relocated to Guatemala City,

2

where he lived for two years without incident. Accordingly, the BIA did not err in denying Petitioner's application for asylum.

For the same reasons, we affirm the BIA's denial of Petitioner's withholding of removal claim. See Al-Harbi v. INS, 242 F.3d 882, 888–89 (9th Cir. 2001) ("[The] clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum." (internal quotation marks and citations omitted)).

Petition DENIED.