**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS CARLOS CASTILLO-INTERIANO, a.k.a. Luis Carlos Castillo,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71830<br><br>Agency No. A075-655-017<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012**

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Luis Carlos Castillo-Interiano, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims and questions of law. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency found Castillo-Interiano removable under 8 U.S.C. § 1227(a)(2)(A) as an alien convicted of a crime of moral turpitude and an aggravated felony theft offense for his conviction of second degree robbery under California Penal Code § 211. The agency applied the correct legal standard in determining that Castillo-Interiano's aggravated felony conviction, which resulted in a sentence of three years of imprisonment, was a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B).

Castillo-Interiano failed to raise, and therefore waived, any challenge to the BIA's denial of his applications for CAT relief and cancellation of removal. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in his or her opening brief).

Castillo-Interiano contends that his criminal plea was not entered knowingly, intelligently and voluntarily because his criminal attorney failed to inform him of the immigration consequences of his plea. To the extent that we have jurisdiction,

we reject his contention because the minute order clearly states that Castillo-Interiano was advised that his conviction "will have the consequenc[e] of deportation." *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (the alleged due process violation need not be substantial but must have some possible validity).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**