**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDVIN HAMAZASPYAN; KARINE
VLADIMIR KARAPETIAN; GEORGI
AGAMELIAN,
                            *Petitioners,*

              v.

ERIC H. HOLDER JR., Attorney
General,
                            *Respondent.*

No. 05-72267

Agency No.
A095-665-745

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 9, 2009—San Francisco, California

Filed December 21, 2009

Before: Mary M. Schroeder, A. Wallace Tashima, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

16679

## COUNSEL

Marjan H. Bahmani, Esquire, Attorney, Encino, California, for the petitioner.

Ronald E. LeFevre, Office of the District Counsel, San Francisco, California, John J. W. Inkeles, Esquire, Trial Attorney, M. Jocelyn Lopez Wright, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

BEA, Circuit Judge:

Edvin Hamazaspyan petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to reopen an *in absentia* removal order. The IJ ordered Hamazaspyan's removal after he failed to appear at a hearing scheduled by the IJ to consider his removal from the United States. Hamazaspyan contends he did not receive notice of the time and place of the hearing and that it was error for the immigration court not to send the notice of the time and place of the hearing to his counsel of record. It is not contested the IJ did not send such notice to counsel. We hold the immigration court erred because it did not serve Hamazaspyan's counsel of record with a hearing notice. Therefore, we reverse the BIA's decision and grant Hamazaspyan's petition for review.

## I.   Background

The Department of Homeland Security ("DHS") detained Hamazaspyan after he attempted to enter the United States with a valid foreign passport, but an altered, or counterfeit, visa. While Hamazaspyan was in custody, the government personally served him with a "notice to appear."[1] On the same day, the immigration court personally served Hamazaspyan with a "hearing notice."[2] The notice to appear and the hearing notice specified Hamazaspyan's right to an attorney, the consequences of failing to appear at the scheduled hearing—i.e.,

---

[1]DHS usually serves suspected removable aliens with a notice to appear to commence removal proceedings.

[2]The immigration court usually serves suspected removable aliens with hearing notices to schedule master, or "calendar" hearings, at which Court business is scheduled, and individual removal hearings, at which the merits of individual claims to remain in the United States are heard and considered.

removal in absentia—and Hamazaspyan's duty to provide the immigration court with a correct address if his correct address was not listed on the hearing notice.

After Hamazaspyan received the notice to appear and the hearing notice in person, but before his scheduled hearing, Hamazaspyan retained counsel, who filed a notice of appearance with the immigration court.

Hamazaspyan and his counsel appeared at his first hearing. His counsel sought his release from detention upon a bond and moved to change the venue for his hearing from San Pedro to Los Angeles, because Hamazaspyan's grandparents lived in Los Angeles.

Hamazaspyan's counsel was successful. Two days later, DHS paroled Hamazaspyan. Prior to his parole, Hamazaspyan had completed, or had helped to complete, at least three forms that required him to provide an address where he could be reached. Each of the documents contained his grandparents' correct street address, but two of the documents did not contain an apartment number and the third document contained an incorrect apartment number.[3]

---

[3]This case reveals a bureaucratic mystery. The record does not disclose who completed the three documents. The I-94 form, an identification card Hamazaspyan was required to carry while his removal proceedings were pending, states he lives at a street address with an apartment number "4." His actual apartment number is "H." The number four can be written to look similar to the capital letter H. If this is difficult to imagine, simply erase the bottom left leg of the H. The record is also silent as to why the remaining two documents contain the correct street address, but no apartment number at all.

Nevertheless, we do not reach this factual conundrum for two reasons. First, the BIA correctly held the I-94 form was not proffered to the IJ. Hamazaspyan did not enter the form into the administrative record until he appealed the IJ's order denying his motion to reopen. Second, Hamazaspyan and therefore his counsel of record were aware of Hamazaspyan's obligation to provide the government with his correct address. *See Matter*

Following Hamazaspyan's parole, the San Pedro immigration court granted his motion for a change of venue and transferred the removal proceedings from San Pedro to the Los Angeles immigration court. The San Pedro immigration court sent the order granting the motion to Hamazaspyan's counsel of record. The order listed Hamazaspyan's address without an apartment number.

The Los Angeles immigration court then sent, by regular mail, a hearing notice to Hamazaspyan at the address it had on file; that address did not include an apartment number. Hamazaspyan never received the hearing notice; it was returned to the immigration court approximately eight days after the scheduled hearing date. The immigration court did not send the hearing notice to Hamazaspyan's counsel of record.

Hamazaspyan did not appear at his scheduled hearing before the immigration court. The immigration court ordered him removed *in absentia*, pursuant to 8 U.S.C. § 1229a(b)(5)(A).[4] Notwithstanding the hearing notice was not sent to Hamazaspyan's counsel, the Los Angeles immigration court did send the removal order to Hamazaspyan's counsel of record. Counsel immediately telephoned Hamazaspyan, who denied having received the hearing notice.

*of G-Y-R-*, 23 I. & N. Dec. 181, 187 (B.I.A. 2001). Hamazaspyan's counsel of record received the IJ's order granting his motion for a change of venue to Los Angeles; the order included Hamazaspyan's incorrect address. His counsel of record did not correct the address. Therefore, even if Hamazaspyan provided the government with his correct address, and the government agents incorrectly transcribed what he said, Hamazaspyan would not be entitled to relief because he failed to correct the mistake when it was brought to his, or his counsel of record's, attention.

[4]For the purposes of this opinion, we refer to the provisions of the United States Code, not the Immigration and Nationality Act. For ease of reference, 8 U.S.C. § 1229 is also INA § 239 and 8 U.S.C. § 1229a is also INA § 240.

Hamazaspyan, his grandparents, and his counsel of record all submitted affidavits to the immigration court averring they had not received the hearing notice.

Hamazaspyan promptly and timely moved to reopen the *in absentia* removal order on grounds the hearing had been held without proper notice to him and without giving him an opportunity to present his case for asylum based on claimed persecution for political activity in Armenia. The IJ denied the motion on the grounds the immigration court sent notice to the address Hamazaspyan provided to the DHS, i.e., the address without the apartment number. Hamazaspyan then appealed the IJ's denial of the motion to reopen to the BIA, which adopted and affirmed the decision of the IJ without discussing whether the immigration court was required to serve Hamazaspyan's counsel of record. Hamazaspyan timely petitioned this court for review.

## II.   Jurisdiction and Standard of Review

Hamazaspyan's removal order is a final order over which this court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). This court's review of a removal order entered *in absentia* is limited to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's absence from the proceeding, and (iii) whether or not the alien is removable. 8 U.S.C. § 1229a(b)(5)(D).

"We review the BIA's denial of motions to reopen for abuse of discretion. The BIA's determination of purely legal questions is reviewed de novo. Whether an immigration proceeding violates an alien's due process rights is a purely legal issue and is reviewed de novo. Factual findings are reviewed for substantial evidence." *Manjiyani v. INS*, 324 F.3d 1138, 1141 (9th Cir. 2003) (citations omitted), *vacated on other grounds, Manjiyani v. Ashcroft*, 343 F.3d 1018 (9th Cir. 2003).

### III.  Statutes and Regulations

The notice requirements for immigration proceedings are set forth in 8 U.S.C. §§ 1229, 1229a. Section 1229 covers the requirements for notices to appear and hearing notices. For notices to appear, § 1229(a)(1) states as follows:

> In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying the following:
>
> . . .
>
> (F) (i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 1229a of this title.
>
> (ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number
>
> . . .
>
> (G)(i) The time and place at which the proceedings will be held.
>
> (ii) The consequences under section 1229a(b)(5) of this title of the failure, except under exceptional circumstances, to appear at such proceedings . . . .

Hearing notices are governed by § 1229(a)(2), which states:

(A) In general

In removal proceedings under section 1229a of this title, in the case of any change or postponement in the time and place of such proceedings, subject to subparagraph (B) a written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying—

(i) the new time or place of the proceedings, and

(ii) the consequences under section 1229a (b)(5) of this title of failing, except under exceptional circumstances, to attend such proceedings.

(B) Exception

In the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required under paragraph (1)(F).

Section 1229(c) provides: "Service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section."

Removal proceedings *in absentia* are governed by § 1229a(b)(5), which states:

(A) Any alien who, after written notice required under paragraph (1) or (2) of section 1229 (a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice

was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229 (a)(1)(F) of this title.

(B) No notice if failure to provide address information

No written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229 (a)(1)(F) of this title.

(C) Rescission of order

Such an order may be rescinded only—

(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or

(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229 (a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

The filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge.

*See also* 8 C.F.R. § 1003.23 (explaining an alien may move for reconsideration at any time if the alien did not receive actual notice).

Furthermore, 8 C.F.R. § 1292.5, governing notice by the immigration court, states:

> Whenever a person is required by any of the provisions of this chapter to give or be given notice; to serve or be served with any paper other than a warrant of arrest or a subpoena; to make a motion; to file or submit an application or other document; or to perform or waive the performance of any act, such notice, service, motion, filing, submission, performance, or waiver shall be given by or to, served by or upon, made by, or requested of the attorney or representative of record, or the person himself if unrepresented.

*See also* 8 C.F.R. § 292.5 (same provision regarding DHS).

## IV. Analysis

**[1]** We have addressed the notice requirements in removal proceedings several times since Congress revised the statutes governing removal in 1996. *See* 8 U.S.C. § 1229, Pub. L. 104-208, Div. C, Title III, § 304(a)(3), 110 Stat. 3009-587. Most recently, we acknowledged that it has not been decided whether the government is required to serve notice on an alien's counsel of record in removal proceedings. *Al Mutarreb v. Holder*, 561 F.3d 1023, 1028 n.6 (9th Cir. 2009) ("We have held that service of a hearing notice on an alien's counsel, and not on the alien himself, may be a sufficient means of providing notice of the time and location of removal proceedings. We have never held the converse, however: that serving a hearing notice on an alien, but not on his counsel of record, is sufficient." (citation omitted)).

**[2]** We now hold that serving a hearing notice on an alien, but not on the alien's counsel of record, is insufficient when an alien's counsel of record has filed a notice of appearance with the immigration court. When such an appearance has been filed, the government must serve all notices to appear and all hearing notices on the counsel of record.

We turn first to the standard controlling the IJ's decision to grant or deny a motion to reopen an *in absentia* removal order. An IJ is required to enter an *in absentia* removal order if the government establishes by clear, unequivocal, and convincing evidence that (1) the alien was provided statutory notice and (2) the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). An IJ may rescind his order if the alien demonstrates that he did not "receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." *Id.*

**[3]** Notice in accordance with paragraph (1) or (2) of section 1229(a) requires "written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." The BIA has decided that personal service is practical for the immigration court only when the respondent is physically present before the immigration judge. *In re Grijalva*, 21 I. & N. Dec. 27, 34-35 (B.I.A. 1995). Such personal service did not occur here. The next statutory means of service is service by mail. The text of § 1229(a)(1) and (2) is "through service of mail to the alien or to the alien's counsel of record, if any." Where possible, we are required to give each word of a statute meaning. *Duncan v. Walker*, 533 U.S. 167 ("It is our duty to give effect, if possible, to every clause and word of a statute."). Does "if any" have any meaning as to whether counsel must be served? "If" means "1. *in case that*; granting that; supposing that . . ." Webster's New Twentieth Century Dictionary Unabridged (2d ed. 1983) (emphasis added). "Any" means "1. *one* (no matter which) of more than two . . ." *Id.* (emphasis added). Put together: *in case that* the alien has counsel, *one* of the counsel must be served. In other

words, although the word "or" is disjunctive, the phrase "if any" creates a condition in the choice between serving the alien or serving his counsel. If the case is that the alien is represented by counsel of record, then the government must serve one of his counsel of record. If, however, the alien is not represented by counsel of record, then the government must serve the alien.[5] The purpose of the word "or" in the statute is to clarify that the immigration court is not required to send notice to *both* the alien *and* the alien's counsel of record. Therefore, we hold that, once the alien's counsel files an appearance before the immigration court, § 1229 requires the government to serve an alien's counsel of record with any document related to the alien's removal proceedings.[6]

If Congress had wanted to make § 1229(a) *truly* disjunctive, to allow service of notice of a Notice to Appear or hearing notice on either the alien or the alien's counsel of record, Congress could simply have eliminated "if any." Of course, if there is no counsel of record, one cannot be served.

There are provisions of §§ 1229 and 1229a that might, on first glance, appear contrary to our holding. Section 1229a(b)(5)(A) and § 1229(c) state written notice shall be sufficient if served on the most recent address the alien provided

---

[5]It is not enough for the alien to have retained counsel. The alien's counsel must also have filed an appearance before the immigration court, thus becoming "counsel of record." *See Fuentes-Argueta v. INS*, 101 F.3d 867, 872-73 (2d Cir. 1996) (holding that the immigration court was not required to send a hearing notice to an alien's attorney when the attorney filed his notice of appearance after the hearing notice was sent to the alien).

[6]We do not reach the question whether an IJ may issue an *in absentia* removal order if it is uncontested that the alien received actual notice, despite the government's failure to send the notice to the alien's counsel of record. Here, the record is undisputed that Hamazaspyan did not receive actual notice because the hearing notice was not handed him in person, nor did it reach him in the mail for it was returned to the immigration court by the Postal Service as undeliverable.

under § 1229(a)(1)(F).**⁷** One interpretation of these provisions could be that they supersede the requirement in § 1229(a)(1) or (2) that an alien's counsel of record must receive service. Both provisions more likely regulate only *where* service can be effected upon the *alien*, and do not eliminate the requirement of service upon the alien's counsel of record, if the alien has such counsel, and counsel has duly filed an appearance before the immigration court on the court's record. Nothing in either provision suggests an alien who updates his residential address with DHS or the immigration court thus loses the statutory right to have DHS or the immigration court send notice to the address of his counsel of record.

**[4]** Our interpretation of § 1229 is supported by 8 C.F.R. § 1292.5, which requires the immigration court to serve an exhaustive list of papers on aliens' attorneys. This provision applies equally to notices to appear and hearing notices under § 1229. *See Mendez v. INS*, 563 F.2d 956, 958 n.1 (9th Cir. 1977) (holding that the failure to notify an alien's attorney of an order to appear for deportation proceedings—under the prior statutory scheme—violated 8 C.F.R. § 292.5 and the appellant's right to counsel, as then provided by 8 U.S.C. 1252(b)).

**[5]** As in *Mendez*, it was "procedurally irregular" for the immigration court in this case not to send notice to Hamazaspyan's counsel of record. *See id*. The hearing notice itself included check-boxes to indicate whom should receive the notice, including a box for the alien and the alien's attorney. On the hearing notice in question, both boxes were checked, which at least suggests the immigration court intended to send

---

**⁷***See* § 1229a(b)(5)(A) ("The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title."); § 1229(c) ("Service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section.").

the notice to Hamazaspyan's counsel of record. Nevertheless, the government does not contest that the immigration court failed to send the hearing notice to Hamazaspyan's counsel of record.

In holding 8 C.F.R. § 1292.5 controls the notice requirement under § 1229a(b)(5), we acknowledge that we disagree with *Giday v. INS*, 113 F.3d 230, 234 (D.C. Cir. 1997). *Giday* provides no compelling rationale for this court to follow. The decision simply omits the key phrase "if any" of § 1229(a)(1) and (2), when discussing the relevant statutes and regulations and gives no reason for such abstinence. *Giday* has not been followed on this point of law by any subsequent court.

Further, we reject the government's contention that 8 C.F.R. § 1003.23 controls in lieu of § 1292.5 because § 1003.23 is the more specific statute. It is not. Although § 1003.23 may include specific provisions regarding *in absentia* removal orders, the pertinent text of that regulation is not specific to statutory notice requirements. Instead, the pertinent text addresses exceptions to filing deadlines. Therefore, it is § 1292.5 that is more specific—with respect to notice requirements—than § 1003.23.

**[6]** In short, we hold that an *in absentia* removal order must be rescinded if the government sent notice of the time and place of a removal hearing by mail to an address provided by the alien, but (1) the BIA has not proven the alien received actual notice; (2) the alien has proven he is represented by counsel who had filed a notice of appearance as counsel of record with the immigration court before such notice had been sent; and (3) the government has not proven it sent notice to the alien's counsel of record. Furthermore, we hold that the BIA erred when it adopted and affirmed the IJ's decision. As a result, we grant Hamazaspyan's petition for review, reverse the BIA's decision that adopted the IJ's order to deny Hamazaspyan's motion to reopen, and remand for further proceedings.

**GRANTED.**