**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETRA HUIZAR ALANIZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-76514<br><br>Agency No. A076-679-926<br><br>MEMORANDUM * |
| PETRA HUIZAR ALANIZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 06-70754<br><br>Agency No. A076-679-926 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted March 12, 2010[]
San Francisco, California

Before: HALL, NOONAN and CALLAHAN, Circuit Judges.

Petra Huizar Alaniz seeks review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen and her motion for reconsideration. We vacate the denials and remand.

On May 16, 2005, the BIA dismissed Alaniz's appeal from the Immigration Judge's ("IJ") denial of her request for cancellation of removal, and granted her sixty days in which to voluntarily depart. Although Alaniz was represented by counsel, the BIA sent notice of its decision to Alaniz and not her attorney.

On August 10, 2005, Alaniz filed a motion to reopen and motion to stay removal. On October 19, 2005, the BIA denied the motions, stating that because she had failed to depart within the sixty days allotted for her voluntary departure she was not eligible for any relief.

On November 15, 2005, Alaniz filed a petition for review with the Ninth Circuit (No. 05-76514) and also filed a motion to reconsider with the BIA. In the motion to reconsider, Alaniz asserted that the BIA had violated its own regulations by failing to serve its May 16, 2005 decision on Alaniz's counsel. On January 23,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2006, the BIA admitted that counsel had not been served, but found that this was no basis for reconsideration. On February 9, 2006, Alaniz filed a second petition for review by the Ninth Circuit (No. 06-70754).

On December 21, 2009, we issued our opinion in *Hamazaspyan v. Holder*, 590 F.3d 744 (9th Cir. 2009). That case concerned the notice requirements for immigration proceedings set forth in 8 U.S.C. § 1229. The opinion states "[w]e now hold that serving a hearing notice on an alien, but not on the alien's counsel of record, is insufficient when an alien's counsel of record has filed a notice of appearance with the immigration court." *Id*. at 749. The opinion explained:

> If the case is that the alien is represented by counsel of record, then the government must serve one of his counsel of record. If, however, the alien is not represented by counsel of record, then the government must serve the alien. The purpose of the word "or" in the statute is to clarify that the immigration court is not required to send notice to *both* the alien *and* the alien's counsel of record. Therefore, we hold that, once the alien's counsel files an appearance before the immigration court, § 1229 requires the government to serve an alien's counsel of record with any document related to the alien's removal proceedings.

*Id*.

We requested and received supplemental briefs on the impact of *Hamazaspyan* on this case. The government responded that *Hamazaspyan* was distinguishable because in that case the government had failed to show that either

3

the alien or the attorney were served. The government's supplemental brief did not address our reasoning in *Hamazaspyan*.

Although it is true that in *Hamazaspyan* neither the alien nor the attorney of record were served, the opinion clearly states that "[i]f the case is that the alien is represented by counsel of record, then the government must serve one of his counsel of record." Here, the BIA admits that it did not serve, but should have served, Alaniz's counsel.

This case more directly concerns the provisions of 8 C.F.R. § 1292.5(a) than 8 U.S.C. § 1229, which was the subject of *Hamazaspyan*. Nonetheless, the language of § 1292.5(a) – requiring that notice be "served by or upon, made by, or requested of the attorney or representative of record, or the person himself if unrepresented" – reflects the same directive set forth in 8 U.S.C. § 1229, and thus it appears that the reasoning in *Hamazaspyan* also applies to this case. Indeed, the language "if unrepresented" is a stronger command than the disjunctive language in 8 U.S.C. § 1229 that we considered in *Hamazaspyan*.

Accordingly, Alaniz's petitions for review are **GRANTED**, the BIA's denials of Alaniz's motion to reopen and motion for reconsideration are **VACATED**, and this matter is **REMANDED** to the BIA to reconsider Alaniz's requests for relief in light of our opinion in *Hamazaspyan*, 590 F.3d 744.

4