FILED

**NOT FOR PUBLICATION**

FEB 28 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMED ZULFIKAR MOHAMED RAZIK, | No. 06-75630 |
| Petitioner, | Agency No. A097-355-002 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2011
Pasadena, California

Before: KLEINFELD, LUCERO,** and GRABER, Circuit Judges.

Petitioner Mohamed Zulfikar Mohamed Razik, a native and citizen of Sri

Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from the immigration judge's denial of asylum and

withholding of removal. Reviewing the BIA's legal determinations de novo,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Garcia-Quintero v. Gonzales, 455 F.3d 1006, 1011 (9th Cir. 2006), and the BIA's factual determinations for substantial evidence, Hamazaspyan v. Holder, 590 F.3d 744, 747 (9th Cir. 2009), we grant the petition.

When the relevant facts are not in dispute, we have jurisdiction to review the BIA's determination that a petitioner filed an untimely asylum application. Khunaverdiants v. Mukasey, 548 F.3d 760, 765 (9th Cir. 2008). Here, the historical facts are not in dispute because the BIA expressly found that Petitioner had successfully relocated within Sri Lanka "until he departed the country in January 2003." The asylum application was filed in October 2003. Having found that Petitioner departed Sri Lanka in January 2003 and having received his asylum application in October 2003, the BIA was required under Khunaverdiants to conclude as a matter of law that the asylum application was filed within one year of Petitioner's arrival in the United States. We therefore remand Petitioner's asylum claim to the BIA for a determination on the merits.

Moreover, as the government concedes, the BIA legally erred in analyzing Petitioner's withholding of removal claim. Because Petitioner demonstrated past persecution, he is entitled to a presumption "that [his] life or freedom would be threatened in the future in the country of removal." 8 C.F.R. § 1208.16(b)(1)(i); see Mutuku v. Holder, 600 F.3d 1210, 1213 (9th Cir. 2010). The BIA expressly

2

found, relying on his testimony, that Petitioner "established past persecution on account of a protected ground."  But the BIA then improperly placed the burden of proof as to future persecution on Petitioner.

Additionally, the BIA legally erred by failing to analyze  whether the proposed relocation within Sri Lanka was reasonable, as guided by the considerations listed in 8 C.F.R. § 1208.16(b)(3).  See Afriyie v. Holder, 613 F.3d 924, 936–37 (9th Cir. 2010) (remanding because "[t]he BIA failed to discuss the reasonableness factors set forth in [the regulations] or discuss how the government met its burden of showing that relocation was reasonable").  Because of the BIA's legal errors, we remand Petitioner's withholding of removal claim for reconsideration.

In view of these errors concerning asylum and withholding, the BIA's analysis of the CAT claim may have been affected as well. We therefore remand the entire case for reconsideration.

Petition GRANTED.  REMANDED.

3