**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIAN ZHANG,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 10-70507

Agency No. A099-366-341

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

     Jian Zhang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his motion to reopen removal proceedings conducted in

absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo questions of law, including claims of due process violations. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Zhang's motion to reopen where Zhang failed to establish exceptional circumstances beyond his control that would excuse his failure to appear at his hearing. *See* 8 U.S.C. § 1229a(e)(1).

The agency did not violate due process by considering due diligence as a factor in denying Zhang's motion to reopen where the BIA's precedent decision in *Matter of J-P-*, 22 I. & N. Dec. 33 (BIA 1998) (en banc) put Zhang on notice that this factor applied. *Cf. Singh v. INS*, 213 F.3d 1050, 1053 (9th Cir. 2000) (BIA violates due process by applying a "previously unannounced evidentiary standard").

**PETITION FOR REVIEW DENIED.**

2                                                                                    10-70507