**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLORIA JANETT VANEGAS
ARRUBLA,

                Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 07-72764

Agency No. A098-646-894

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 14, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior
District Judge.[**]

    Petitioner Gloria Janett Vanegas Arrubla ("Vanegas") seeks review of the

decision of the Board of Immigration Appeals ("BIA") denying her application for

asylum. She claims that she adequately demonstrated past persecution and a well-

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Glen H. Davidson, Senior District Judge for the U.S.
District Court for the Northern District of Mississippi, sitting by designation.

founded fear of future persecution on account of her political opinion by the guerilla-terrorist organization FARC, entitling her to asylum. *See* 8 U.S.C. § 1158(b)(1); 8 C.F.R. § 1208.13(b).

Vanegas first contends that the BIA erred in concluding that she had failed to advance a political opinion claim before the Immigration Judge ("IJ"). We review the factual findings of the BIA for substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). The BIA stated that Vanegas "only tangentially mentioned that she went to political meetings," "never testified that FARC was aware of her political activities" or sought to harm her because of them, and failed to explain why threats from FARC were related to her political activities. The BIA used these points in part to justify its conclusion that Vanegas failed to establish persecution on account of her political opinion. The record shows that Vanegas answered questions about her political opinion claim in the hearings before the IJ. Vanegas gave detailed testimony about her political participation and her reasons for her belief that FARC persecuted her on account of her political opinion in her asylum application and her interview with the asylum officer, which she expressly incorporated in her testimony before the IJ. Thus, because the BIA claims that Vanegas failed to assert that which she quite clearly

did assert, its conclusion that Vanegas failed to advance a political opinion claim is unsupported by substantial evidence.

The BIA also concluded that even if Vanegas had established past persecution on account of her political opinion, "the fact that she no longer works for the travel agency is a 'fundamental change in circumstances' which would rebut her presumption of a well-founded fear" of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Vanegas contests this, and rightly so. It is not at all clear why FARC, if it had persecuted her on account of her political opinion, would cease doing so merely because she left the employ of the travel agency. This conclusion is therefore also unsupported by substantial evidence.

Because several premises[1] on which the BIA ultimately concluded that Vanegas should not receive asylum were unsupported by substantial evidence, we remand this case to the BIA to consider and weigh the evidence in her asylum application and her interview with the asylum officer in the first instance. *See INS*

---

[1]Vanegas also submitted threatening letters that she claimed to have received and which appeared to have been authored by FARC. The BIA gave them "limited weight" because there was no evidence "that FARC produces such documents . . . and no way to authenticate the letters." Yet if the BIA did consider the letters as admitted in evidence, it is not clear why the fact of her receiving the threats and their messages to her, rather than their authorship, are not the more salient points. On remand, the BIA may wish to provide further explanation for its conclusions if it chooses to discount the letters.

3

*v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095–96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**