**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISHA ASLANYAN; YELENA ASLANYAN, | No. 10-71071 |
| Petitioners, | Agency Nos.   A097-363-130<br>A097-363-131 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Misha Aslanyan and Yelena Aslanyan, natives and citizens of Armenia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law, including due process claims. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

The Aslanyans do not allege they suffered past persecution. They contend they have a well-founded fear of future persecution on account of having become Jehovah's Witnesses since leaving Armenia. Substantial evidence supports the agency's determination that the Aslanyans failed to establish a reasonable possibility of future persecution in Armenia. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). Further, even under a disfavored group analysis, the Aslanyans have failed to establish sufficient individualized risk to show a well-founded fear of persecution in Armenia. *See Halim v. Holder*, 590 F.3d 971, 978-79 (9th Cir. 2009). The record belies the Aslanyans' contention that the immigration judge gave insufficient weight to evidence the Aslanyans submitted in support of their applications for asylum. Accordingly, the Aslanyans' asylum claim fails.

Because the Aslanyans failed to establish eligibility for asylum, they necessarily fail to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because the Aslanyans failed to demonstrate it is more likely than not they will be tortured if returned to Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). Accordingly, we deny the petition with respect to CAT relief.

Finally, the Aslanyans fail to establish that Yelena was prejudiced by having the proceedings translated into Armenian rather than Russian. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring both error and "substantial prejudice" to prevail on a due process challenge to removal proceedings); *cf. Perez-Lastor v. INS*, 208 F.3d 773, 782 (9th Cir. 2000) (remanding where record "cogently demonstrat[ed] why [the petitioner], as translated, did not make sense and so could not make a case"). Accordingly, the due process claim fails.

**PETITION FOR REVIEW DENIED.**