**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR VINDEL-DIAZ, a.k.a. Edgardo Leiva-Diaz,<br><br>             Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 12-70771<br><br>Agency No. A070-165-558<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Oscar Vindel-Diaz, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's denial of his motion to reopen deportation proceedings

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Hamazaspyan v. Holder,* 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Vindel-Diaz's motion to reopen, where Vindel-Diaz failed to demonstrate that he did not receive proper notice of his hearing. *See* 8 U.S.C. § 1229a(b)(5)(C); *see also* 8 U.S.C. § 1252b(a)(2)(A), (c)(2) (repealed 1996) (explaining that written notice of the time and place of proceedings is not required where an alien does not provide a mailing address). It follows that Vindel-Diaz's due process claims fail. *See Lata v. INS*, 240 F.3d 1241, 1246 (9th Cir. 2000).

In light of this disposition, we need not reach Vindel-Diaz's contentions regarding his eligibility for cancellation of removal or asylum.

**PETITION FOR REVIEW DENIED.**