**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURSHARANJIT SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71926

Agency No. A079-589-585

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 16, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and HURWITZ, Circuit Judges.

Gursharanjit Singh ("Singh"), a native and citizen of India, petitions for

review of the Board of Immigration Appeal's decision affirming an immigration

judge's denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture based on the judge's adverse

credibility finding. Singh also petitions for review of the BIA's affirmation of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

IJ's denial of Singh's request for the admission of a psychological evaluation as evidence. We remand.

This court's jurisdiction arises under 8 U.S.C. § 1252. This court reviews the relevant legal conclusions *de novo*. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). The IJ's factual findings are reviewed under the substantial evidence standard. *Lopez-Rodriquez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). This court considers both the Board's and the IJ's decision in conducting its review. *Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 743 (9th Cir. 2008). This court reviews the denial of a continuance for abuse of discretion. *Rendon v. Holder,* 588 F.3d 669, 674 (9th Cir. 2009).

At the initial hearing before the IJ, the IJ issued an oral decision denying Singh's applications for asylum and withholding of removal, finding that the testimony contained inherent ambiguities. The BIA then affirmed the IJ's decision without issuing a separate opinion. Singh appealed, and we remanded the case for an explicit credibility determination. The Board complied.

At a status hearing on remand, Singh requested to present evidence of a psychological evaluation which Singh claimed would explain the inconsistencies in his previous testimony. The IJ held, however, that the remand instructions from this court and the BIA were limited to rendering a new decision on the issue of

credibility. On this basis, the IJ declined to accept further evidence regarding Singh's psychological condition.

Our previous remand order contained no such limitation. The IJ had broad discretion to grant or deny a continuance. We therefore remand so that the IJ can determine, free of his misconception about our previous order, whether to do so.

We REMAND for proceedings consistent with this disposition.