FILED

DEC 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO JORGE BLANCO, a.k.a. Mario Gutierrez,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 12-70580<br><br>Agency No. A079-159-176<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:  CANBY, TROTT, and THOMAS, Circuit Judges.

Mario Jorge Blanco, a native and citizen of Argentina, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law, including claims of due process violations. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying the motion to reopen, where the notice of hearing was properly sent to Blanco's address of record, and he failed to overcome the presumption of effective service of his hearing notice. *See* 8 U.S.C. § 1229(a)(1); *Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) ("The government satisfies notice requirements by mailing notice of the hearing to an alien at the address last provided to the INS."); *Sembiring*, 499 F.3d at 986-88.

Blanco's contention that the agency violated his due process rights by not serving the notice of hearing on his attorney fails because his alleged attorney did not enter his appearance as counsel of record with the immigration court after the BIA remanded for the second time. *See* 8 C.F.R. § 1003.17; *cf. Hamazaspyan v. Holder*, 590 F.3d 744, 749 (9th Cir. 2009) (service of the hearing notice on an alien, but not the alien's counsel is insufficient if the alien is represented by counsel who has filed a notice of appearance as counsel of record with the immigration court before such notice was sent); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

In light of our disposition, we need not address Blanco's remaining contentions.

**PETITION FOR REVIEW DENIED.**