**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIDIA CARRILLO-RECINOS, | No. 13-71094 |
| Petitioner, | Agency No. A095-117-688 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Lidia Carrillo-Recinos, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's order denying her motion to rescind and reopen removal

proceedings held in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and we review for substantial evidence the agency's factual findings. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Carrillo-Recinos was personally served her Notice to Appear and received the required advisals. *See* 8 U.S.C. § 1229(a)(1). Accordingly, the agency did not abuse its discretion in denying Carrillo-Recinos' motion to reopen based on lack of notice where her hearing notice was mailed to her last address provided. *See* 8 U.S.C. § 1229a(b)(5)(A) (written notice is considered sufficient if sent to the most recent address provided).

We lack jurisdiction to consider Carrillo-Recinos' contention that the English-language documents she received in her removal proceedings did not satisfy due process, where Carrillo-Recinos failed to exhaust this contention before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings).

Carrillo-Recinos' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**