**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANJIT KAUR,

          Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No.    14-70569

Agency No. A076-851-683

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2016[**]
San Francisco, California

Before:  O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

    Manjit Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ) decision

terminating her asylum status because of fraud in her asylum application and

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.  The IJ did not abuse her discretion in granting the Department of Homeland Security's (DHS) motion to reopen to terminate Kaur's asylum status. Kaur did not timely respond to the motion, and DHS made a showing of fraud in Kaur's asylum application. *See* 8 C.F.R. § 1208.24(f). DHS also properly served Kaur at her last known address. Specifically, Kaur did not have counsel of record—her last attorney of record was no longer authorized to practice before the immigration courts, and  Kaur's counsel at her reopened proceedings did not file a notice of appearance until after DHS served the motion to reopen and after Kaur filed her untimely response. *See id.* § 1292.5(a); *Hamazaspyan v. Holder*, 590 F.3d 744, 749 & 749 n.5 (9th Cir. 2009). DHS further presented the IJ with material evidence that was not available and discoverable at the previous hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Ordonez v. I.N.S.*, 345 F.3d 777, 784–85 (9th Cir. 2003).

2.  The BIA did not err in affirming the termination of Kaur's asylum status.  The IJ permissibly drew an adverse inference based on Kaur's refusal to testify at the hearing. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). Substantial evidence—Kaur's inconsistent applications, documents, and

testimony— supports the IJ's decision; a reasonable factfinder would not have been compelled to conclude otherwise. *See Cole v. Holder*, 659 F.3d 762, 780 (9th Cir. 2011).

3.    Substantial evidence supports the BIA's denial of CAT relief. The IJ could not evaluate Kaur's credibility based on her oral testimony and could not determine the veracity of Kaur's documentary claims because of Kaur's repeated invocation of her Fifth Amendment right. The IJ accorded no evidentiary weight to the written information provided by Kaur. Kaur does not point to any record evidence that compels reversal of the agency's decision. *See Jiang v. Holder*, 754 F.3d 733, 740–41 (9th Cir. 2014) (holding substantial evidence supported the denial of CAT relief where the petitioner's CAT claim was based on the same testimony the IJ found not credible and the petitioner pointed to no other evidence that the IJ should have considered).

**PETITION FOR REVIEW DENIED.**