NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS ANIBAL RAMIREZ PORTILLO, | No. 15-70854 |
| Petitioner, | Agency No. A094-320-908 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017**
San Francisco, California

Before: OWENS and FRIEDLAND, Circuit Judges, and BUCKLO,*** District Judge.

Santos Anibal Ramirez-Portillo, a native and citizen of El Salvador, petitions

for review of an order by the Board of Immigration Appeals ("BIA") affirming a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

decision by an immigration judge ("IJ") denying his motion to terminate, finding that he was removable, and denying his application for protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

1.  We review the agency's findings of fact for substantial evidence.  *See, e.g.*, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009).  Under this standard of review, we cannot reverse the agency's findings unless the alien presents evidence that "not only *supports* that conclusion, but *compels* it."  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).  Ramirez-Portillo has not presented such evidence in relation to the factual findings underlying the determination that he was removable as charged.  Although the transcript is unclear at times, it does not compel a finding that Ramirez-Portillo did not concede his removability, and the IJ's notes also support the conclusion that he conceded removability.  Further, Ramirez-Portillo's argument that the BIA erred by relying on evidence in the record to support its conclusion that he was removable is not persuasive, because that evidence was in the record at the time the IJ made the same finding.  This evidence also supports the finding that he was removable.  We therefore deny his petition for review of this claim.

---

[1] Ramirez-Portillo has petitioned only for review of his application for protection under CAT.  We therefore treat his asylum and withholding of removal claims as waived.

2. We have jurisdiction to review an appeal from the BIA only if an alien "has exhausted all administrative remedies available to [him or her] as of right." 8 U.S.C. § 1252(d)(1). Although a "notice of appeal [may] serve[] in lieu of a brief," *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam), "a general challenge to the IJ's decision" is insufficient to exhaust a claim, *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Rather, the alien "must specify which issues form the basis of the appeal" to the BIA. *Id.*; *see also Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) ("The exhaustion doctrine requires that the petitioner 'put the BIA on notice' as to the specific issues so that the BIA has 'an opportunity to pass on those issues.'" (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) (alterations omitted))). Ramirez-Portillo has failed to exhaust his argument that the IJ erred by not providing reasons for its decision to deny his motion to terminate because he did not present this argument to the BIA. He has also failed to exhaust his argument that the notice to appear ("NTA") had content-based errors, because he challenged only the service of process of the NTA before the BIA. We therefore cannot hear these claims.

3. Similarly, Ramirez-Portillo has failed to exhaust his claim that the IJ applied the incorrect legal standard when denying his application for protection under CAT. He did not present this argument to the BIA, and therefore we cannot consider it.

3

**DISMISSED IN PART, DENIED IN PART.**