**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIREYDA SARCENO-FLORIAN,

Petitioner,

v.

MATTHEW WHITAKER, Acting
Attorney General,

Respondent.

No. 16-72694

Agency No. A206 432 329

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2018[**]
San Francisco, California

Before: GRABER and BENNETT, Circuit Judges, and KOBAYASHI,[***] District
Judge.

Mireyda Sarceno-Florian, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the
District of Hawaii, sitting by designation.

from an immigration judge's ("IJ") order of removal and denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's legal determinations de novo and the factual findings underlying the BIA's determination for substantial evidence. Hamazaspyan v. Holder, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's holding that Sarceno-Florian's past experiences in Guatemala do not rise to the level of persecution because the murders of her family members and the attempted kidnapping of her friend were not part of a pattern of persecution closely tied to Sarceno-Florian. See Wakkary v. Holder, 558 F.3d 1049, 1059-60 (9th Cir. 2009); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991). Although the threats that Sarceno-Florian received were serious, the record does not compel the conclusion that these threats inflicted sufficient "suffering or harm" to support a finding of past persecution because, as Sarceno-Florian testified, the agent of persecution had been imprisoned and neither she nor her family had been harmed or threatened since he was imprisoned. See Lim v. INS, 224 F.3d 929, 936-37 (9th Cir. 2000) (concluding that death threats, without more, did not constitute past persecution where the petitioner was not harmed or confronted and his family remained safe for years following the threats).

Substantial evidence supports the BIA's determination that the Guatemalan government is willing and able to control the agent of persecution based on his arrest and subsequent imprisonment, and the BIA properly considered Sarceno-Florian's failure to report the threats as one factor in reaching that conclusion.  See, e.g., Rahimzadeh v. Holder, 613 F.3d 916, 922 (9th Cir. 2010) .

The BIA also properly concluded that Sarceno-Florian failed to establish an "objectively reasonable fear of future persecution."  Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc).  Sarceno-Florian testified that the agent of persecution remains in prison and that she has no knowledge of him directly or indirectly harming anyone since he was imprisoned.

Because Sarceno-Florian failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. Ming Dai v. Sessions, 884 F.3d 858, 874 (9th Cir. 2018).

**Petition DENIED.**