**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL DE JESUS CLIMACO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-70868 <br><br> Agency No. A073-930-366 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2020**
Pasadena, California

Before: OWENS and BADE, Circuit Judges, and MOSKOWITZ,*** District Judge.

Israel de Jesus Climaco, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

reopen. Climaco sought to reopen removal proceedings to reapply for cancellation of removal after the expungement of his 1996 conviction for the offense of "offer to sell marijuana" under California Health & Safety Code ("CHSC") section 11360(a). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. Climaco argues that the BIA's decision violated his due process rights, which "is a purely legal issue [that] is reviewed de novo." *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009) (citation omitted). Climaco contends that the BIA failed to clearly indicate whether it denied his motion to reopen as untimely, on the merits, or on both grounds. However, this court can discern that the BIA denied Climaco's motion as both untimely and on the merits, and the BIA provided sufficient explanation for each ground. *See Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) (stating that "[d]ue process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument" (citation omitted)). Thus, the BIA's decision did not violate Climaco's due process rights.

2. Climaco also argues that the BIA erred in determining that his expunged conviction for offering to sell marijuana under CHSC section 11360(a) was not eligible for Federal First Offender Act ("FFOA") treatment. "We review de novo the BIA's determination 'that a controlled substance conviction precludes

2

immigration relief as a matter of law.'" *Nunez-Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir. 2011) (en banc) (citation omitted).

At the time of Climaco's offer-to-sell-marijuana conviction, the law in this circuit provided that, based on the FFOA, an expunged state conviction does not constitute a "conviction" for immigration purposes if it was a first-time offense for simple possession of drugs, or an equivalent or lesser offense such as possession of drug paraphernalia. *See Ramirez-Altamirano v. Holder*, 563 F.3d 800, 812 (9th Cir. 2009), *overruled prospectively by Nunez-Reyes*, 646 F.3d at 690; *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes*, 646 F.3d at 690.

The BIA properly determined that Climaco's offer-to-sell-marijuana conviction is not a lesser offense than simple possession, and therefore his conviction was not subject to FFOA treatment. *See Nunez-Reyes*, 646 F.3d at 695 (holding that a conviction for "[b]eing under the influence is not a lesser offense to simple possession because it arguably is more serious than mere possession" and is "qualitatively different from any federal conviction for which FFOA treatment would be available" since it "is not a possession crime at all").

**PETITION FOR REVIEW DENIED**.

3