NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HENRIQUEZ,<br><br>              Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No. 18-73269<br><br>Agency No. A073-985-989<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
Pasadena, California

Before: GRABER and COLLINS, Circuit Judges, and BOULWARE,[***] District
Judge.

Petitioner Jose Henriquez, a native and citizen of El Salvador, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

order of the Immigration Judge ("IJ") denying his request for a continuance and his

applications for asylum and for special rule cancellation of removal under the

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Richard F. Boulware II, United States District Judge for the
District of Nevada, sitting by designation.

Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (Nov. 19, 1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (Dec. 2, 1997). We have jurisdiction under § 242 of the Immigration and Nationality Act. 8 U.S.C. § 1252(a). We review for abuse of discretion the denial of a continuance, *Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012), and the BIA's denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We review findings of fact for substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We grant the petition in part, deny it in part, and remand for further proceedings.

1. The BIA properly upheld the IJ's conclusion that Henriquez had failed to show the requisite "good cause" for a continuance. 8 C.F.R. § 1003.29. Initial removal proceedings in this case began in August 2006, almost twelve years before the June 22, 2018 hearing at issue. Although the case was administratively closed for much of that time, the case had been reopened for more than five months, since January 3, 2018, and Henriquez was represented by counsel at the previous hearing on May 18, 2018. Only a few weeks before the scheduled June 22, 2018 merits hearing, Henriquez chose to terminate his relationship with his attorney. The IJ thereafter granted that attorney's written motion to withdraw on June 15, 2018, and no attorney made any appearance or filed any papers before the scheduled June 22 hearing. At the June 22 hearing, Henriquez claimed that he had hired a new

2

attorney several weeks ago and that she needed time to prepare. But when questioned, Henriquez could not supply her full name and could not explain her absence beyond stating that she had told him "that she couldn't make it today." On this record, the BIA properly concluded that the IJ did not abuse his discretion in concluding that good cause for a continuance had not been shown. Nor did the IJ's denial of the requested continuance deprive Hernandez of a "full and fair hearing."[1] *Cf. Cruz Rendon v. Holder*, 603 F.3d 1104, 1109–10 (9th Cir. 2010).

2. The agency did not abuse its discretion in denying Henriquez's application for humanitarian asylum. The BIA properly upheld the IJ's conclusion that the sexual abuse that Henriquez suffered as a child at the hands of a pastor in El Salvador was not on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1). Henriquez testified that he did not know why the pastor sexually abused him, and the BIA concluded that "there was no indication that [the abuse] was anything other than a criminal act committed by the abuser." The record does not compel a contrary conclusion.

3. We agree with Henriquez's contention—which was raised below but which the BIA overlooked—that the IJ failed to sufficiently develop the record with respect to the critical issue of the date when Henriquez first entered the U.S.

---

[1] Although Henriquez's resulting *pro se* appearance did not deprive him of a full and fair hearing, it did trigger the IJ's duty to sufficiently develop the record. *See infra* at 3–4.

3

For Salvadoran nationals to qualify for NACARA benefits, they must, *inter alia*, have "first entered the United States on or before September 19, 1990." *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(5)(C)(i)(I)(aa), 8 U.S.C. § 1101 note (as added by NACARA, and as subsequently amended); *see also* 8 C.F.R. § 1240.60(2); *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1120 (9th Cir. 2010). All of the documents in the record that address the timing of Henriquez's initial entry—including, most notably, the Notice to Appear—identify his date of entry into the U.S. as August 20, 1990. At the June 22, 2018 hearing, Henriquez likewise testified that he had entered the U.S. when he "was about 14 or 15-years-old," which, given his October 1975 birthdate, was consistent with an entry in August 1990. But when asked at the hearing to name the year in which he entered, Henriquez twice stated "1992." The IJ did not inquire about or address the apparent discrepancy, nor did he offer Henriquez, who was unrepresented, an opportunity to clarify or correct it. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (IJ should afford reasonable opportunity to explain discrepancies in testimony); *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]hen the alien appears pro se, it is the IJ's duty to fully develop the record." (internal quotation marks omitted)). Because the date of entry is critical for determining NACARA eligibility, the IJ erred by failing to develop the record when presented with the apparent discrepancy.

The petition for review is GRANTED in part and DENIED in part, and the matter is REMANDED to the BIA.  The parties shall bear their own costs.