FILED

NOT FOR PUBLICATION

DEC 04 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIK SARGSYAN; KRISTINE
SARGSYAN,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72040

Agency Nos.    A078-249-396
               A078-364-947

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Kristine and Martik Sargsyan appeal the Board of Immigration Appeal's

denial of their petition for asylum and withholding of removal. We remand.

The parties are familiar with the facts. Petitioners, Kristine and Martik

Sargsyan, are natives and citizens of Armenia. Both are members of the Baha'i

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

faith who claim they have faced persecution in Armenia because of their religion.

They are requesting asylum in the United States, where their parents have already

been granted asylum. In support of their applications for relief and protection, the

petitioners offered testimony and documentary evidence at their removal hearing.

The Board issued its own opinion pursuant to 8 C.F.R. § 1003.1(e)(5).

We review the relevant legal conclusions *de novo*. *Hamazaspyan v. Holder*,

590 F.3d 744, 747 (9th Cir. 2009). The IJ's factual findings are reviewed under the

substantial evidence standard. *Lopez-Rodriquez v. Mukasey*, 536 F.3d 1012, 1015

(9th Cir. 2008). Because the Board affirmed the IJ's decision and added its own

reasons, this court reviews both decisions. *Kataria v. INS*, 232 F.3d 1107, 1112

(9th Cir. 2000); *Avetova-Elisseva v. INS.*, 213 F.3d 1192, 1197 (9th Cir. 2000) (the

court looks to the IJ's decision "as a guide to what lay behind the BIA's

conclusion"). We determine our own jurisdiction *de novo*. *Ghahremani v.

Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007).

The IJ made an adverse credibility finding as to the petitioners' testimony

regarding their persecution claims. It rejected their reasons for the untimely filing

of their asylum applications. The Board concurred with the IJ's finding that the

petitioners were ineligible for asylum because their applications were untimely and

because they had not met their burden to show extraordinary circumstances. The

Board also concurred with the IJ's alternative decision to deny the petitioners' asylum claims because they were not credible.

With regard to the petitioner's claim that the BIA erred in determining it lacked jurisdiction to consider the petitioners' claims regarding their derivative asylum applications, we find no BIA error.

With regard to the issue of untimely filing, the record supports the IJ's finding that petitioners had not established extraordinary circumstances. Substantial evidence supports the conclusion that petitioners did not meet the requirements for an exception to the deadline.

With regard to the withholding of removal claim, substantial evidence does not support the IJ's adverse credibility finding. The IJ pointed to inconsistencies in the number of people who caused the injuries petitioners claim to have suffered; the group affiliations of the attackers; what weapons were used; and on how many areas of the body they were beaten. These inconsistencies do not go to the heart of the petitioners' persecution claims. We are particularly wary of an adverse credibility determination based on such minor inconsistencies given that the petitioners' parents were previously granted asylum based on the same underlying events. We conclude in this regard that the IJ lacked substantial evidence to support the adverse credibility finding.

Conclusion.  The IJ erred in finding the petitioners not credible because of minor inconsistencies.  The Board repeated the error.  We, therefore, remand for further proceedings.

REMANDED.

*Sargsyan v. Holder*, No. 08-72040

BYBEE, Circuit Judge, concurring:

I concur in full in the disposition, but write separately to emphasize my concern with the BIA's failure to reconcile its decision with the fact that the petitioners' parents were previously granted asylum based on the same underlying events. This is particularly concerning given that the rejection of the petitioners' withholding of removal claim was predicated on an adverse credibility finding. This case is subject to pre-REAL ID Act law regarding the valid bases for an adverse credibility determination, meaning that an adverse credibility determination can only be validly supported by inconsistencies if those inconsistencies go to the heart of the claim. *Cortez-Pineda v. INS*, 610 F.3d 1118, 1124 & n.7 (9th Cir. 2010). It would seem that the heart of petitioners' claim has much in common with the heart of the claim on which petitioners' parents were already granted asylum. Rejection of petitioners' withholding of removal claim may very well be reconcilable with the previous grant of asylum to petitioners' parents, but the BIA should at least make that reconciliation explicit on remand.