MEMORANDUM *
Kristine and Martik Sargsyan appeal the Board of Immigration Appeal’s denial of their petition for asylum and withholding of removal. We remand.
The parties are familiar with the facts. Petitioners, Kristine and Martik Sargsyan, are natives and citizens of Arménia. Both are members of the Baha’i faith who claim they have faced persecution in Armenia because of their religion. They are requesting asylum in the United States, where their parents have already been granted asylum. In support of their applications for relief and protection, the petitioners offered testimony and documentary evidence at their removal hearing. The Board issued its own opinion pursuant to 8 C.F.R. § 1003.1(e)(5).
We review the relevant legal conclusions de novo. Hamazaspyan v. Holder, 590 *734 F.3d 744, 747 (9th Cir.2009). The IJ’s factual findings are reviewed under the substantial evidence standard. Lopez-Rodriguez v. Mukasey, 536 F.3d 1012, 1015 (9th Cir.2008). Because the Board affirmed the IJ’s decision and added its own reasons, this court reviews both decisions. Kataria v. INS., 232 F.3d 1107, 1112 (9th Cir.2000); Avetova-Elisseva v. INS., 213 F.3d 1192, 1197 (9th Cir.2000) (the court looks to the IJ’s decision “as a guide to what lay behind the BIA’s conclusion”). We determine our own jurisdiction de novo. Ghahremani v. Gonzales, 498 F.3d 993, 997 (9th Cir.2007).
The IJ made an adverse credibility finding as to the petitioners’ testimony regarding their persecution claims. It rejected their reasons for the untimely filing of their asylum applications. The Board concurred with the IJ’s finding that the petitioners were ineligible for asylum because their applications were untimely and because they had not met their burden to show extraordinary circumstances. The Board also concurred with the IJ’s alternative decision to deny the petitioners’ asylum claims because they were not credible.
With regard to the petitioner’s claim that the BIA erred in determining it lacked jurisdiction to consider the petitioners’ claims regarding their derivative asylum applications, we find no BIA error.
With regard to the issue of untimely filing, the record supports the IJ’s finding that petitioners had not established extraordinary circumstances. Substantial evidence supports the conclusion that petitioners did not meet the requirements for an exception to the deadline.
With regard to the withholding of removal claim, substantial evidence does not support the IJ’s adverse credibility finding. The IJ pointed to inconsistencies in the number of people who caused the injuries petitioners claim to have suffered; the group affiliations of the attackers; what weapons were used; and on how many areas of the body they were beaten. These inconsistencies do not go to the heart of the petitioners’ persecution claims. We are particularly wary of an adverse credibility determination based on such minor inconsistencies given that the petitioners’ parents were previously granted asylum based on the same underlying events. We conclude in this regard that the IJ lacked substantial evidence to support the adverse credibility finding.
Conclusion. The IJ erred in finding the petitioners not credible because of minor inconsistencies. The Board repeated the error. We, therefore, remand for further proceedings.
REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.