**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANAHID NAZARI MASIHI, | No. 08-71362 |
| Petitioner, | Agency No. A098-448-365 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2012[**]
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Anahid Nazari Masihi appeals the BIA's denial of her petition for asylum,

withholding of removal, and protection under the Convention Against Torture. We

remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The parties are familiar with the facts of the case. Petitioner, a native citizen of Iran, claims to have faced difficulties growing up as an Armenian-Christian under Iran's Islamic regime. Among other things, she claims that she was forced to wear a Hijab and that she had difficulty finding a job in Iran due to her religion. Petitioner also testified before the IJ that while living in Iran she was attacked by a man. After the IJ delivered a decision, Petitioner filed a Notice of Appeal with the BIA, which included a sworn affidavit. In her affidavit, Petitioner claimed that the attack was a rape committed by two men who targeted her for being a Christian.

Petitioner married a German citizen of Iranian heritage and moved to Germany where she later gave birth to two sons. Although Petitioner is not a citizen of Germany, during the five years Petitioner lived in Germany prior to arriving in the United States she was entitled to remain in Germany pursuant to a renewable visa and was eligible to apply for a work permit. Petitioner claims that while in Germany her family suffered discrimination because of their Iranian heritage. Among other incidents, Petitioner claims drunk men beat up her husband, that the police were non-responsive when they reported the incident, that her family was told to go back to their country, and that and that she and her children were "looked at in a certain way." Petitioner traveled back to Iran three times after moving to Germany.

2

The IJ determined that Petitioner had failed to meet her burdens of proof for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ also found that she was permanently resettled in Germany. The BIA affirmed and adopted the decision of the IJ insofar as the IJ found that the Petitioner failed to meet her burdens of proof for asylum, withholding of removal, and protection under the CAT. However, the BIA did not address the issue of whether Petitioner was permanently resettled in Germany.

This court reviews the BIA's determination of purely legal conclusions *de novo. Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). This court reviews the IJ's factual findings for substantial evidence. *Lopez-Rodriquez v. Mukasey,* 536 F.3d 1012, 1015 (9th Cir. 2008).

We agree with the BIA that Petitioner failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground in Germany. The incidents that occurred in Germany that Petitioner describes do not rise to the level of persecution. Petitioner additionally failed to meet the higher standard of proof for allowing withholding of removal to Germany.

Here, the IJ incorrectly applied the law concerning firm resettlement, and the Board failed to correct the IJ. *See Maharaj v. Gonzales*, 450 F.3d 961, 975(9th Cir. 2006) (explaining that "firm resettlement" requires "*an offer* of some type of

permanent resettlement). We therefore remand to the Board to correct the legal error made by the IJ.

We do not address the other issues raised by Petitioner. Petitioner may pursue these arguments before the Board on remand, including the argument that she was raped in Iran due to her religious beliefs.

Conclusion. We remand to the Board to address the question of whether Petitioner was firmly resettled in Germany, and the Board, in its discretion, may remand the case to the IJ for further fact-finding as to Petitioner's alleged rape.

REMANDED.