**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAIGUANG JIANG,<br><br>       Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | No. 08-73962<br><br>Agency No. A099-055-389<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2013
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Taiguang Jiang, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") adopting and affirming the

denial of his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT") by the immigration judge ("IJ"). Jiang

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

asserted past persecution and a fear of future persecution on account of his Christian religion, but he was ultimately deemed not credible. The BIA adopted and affirmed the IJ's denial of relief on adverse credibility grounds. We grant the petition for review, reverse the adverse credibility determination and deem Jiang's testimony credible, and remand for further proceedings.

The parties are familiar with the facts of this case. Jiang attested as follows: Jiang was introduced to a house church service while in Singapore in 1993 and became a Christian shortly thereafter. During a trip to Japan in 2004, Jiang attended a local Korean church and, upon his return to China, resumed worshiping at his house church. He and members of his church were handcuffed, arrested, and interrogated, for allegedly participating in illegal activities. Police officers stripped Jiang of his clothes, kicked him in the back and legs, and locked him in a cell without any clothing. Jiang, confined to a freezing cold cell for two days, signed a confession, but he was detained for an additional two weeks and fined 5,000 RBM. Following his release, Jiang reported to work at the government-owned company where he was employed. He was immediately fired due to his arrest. Jiang's activities were watched by a neighborhood committee, and he lost his freedom and right to practice his religious beliefs.

The IJ concluded that Jiang failed to present credible evidence sufficient to support his burden of establishing past persecution. The IJ also determined that Jiang did not establish a claim for withholding of removal. The IJ determined that Jiang was ineligible for CAT protection because he did not establish that he would be tortured by the Chinese government. On appeal, the BIA, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopted and affirmed the IJ's decision, and dismissed Jiang's appeal.

We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision with a citation to *Matter of Burbano* and adds its own comments, we review the decisions of both the BIA and the IJ. *Joseph v. Holder*, 600 F.3d 1235, 1239-40 (9th Cir. 2010). We review the relevant legal conclusions de novo, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), and the IJ's factual findings and credibility determination for substantial evidence, *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011); *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). Because Jiang applied for relief after May 11, 2005, we apply the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

Under the REAL ID act, minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination. *Id.* at 1044. However, we have reversed adverse credibility determinations where inconsistencies or implausibilities cited by the IJ, to the extent that they exist, are "manifestly trivial" and do not, in fact, have any bearing on the petitioner's veracity. *See Ren*, 648 F.3d at 1088-89. Such is the case here.

For example, any purported inconsistency in Jiang's testimony concerning travel restrictions stems from his effort to answer an ambiguous question formulated by the IJ. A review of Jiang's testimony demonstrates that he did not make conflicting statements about the manner in which he received his termination letter. While the termination letter indicated that Jiang and his employer "mutually agreed" to end his employment, additional testimony about the circumstances leading to Jiang's termination supports his contention that he was fired, and that the letter's language was a formality consistent with his version of events. Moreover, Jiang's testimony did not contradict a written description of the offense for which he was fined.

In short, the inconsistencies identified by the agency are either reconcilable or manifestly trivial, and substantial evidence does not support the adverse

4

credibility determination rendered in this case. Accordingly, we reverse the adverse credibility determination and remand to the BIA for a redetermination of Jiang's eligibility for asylum, withholding of removal, and relief under the CAT.

**PETITION FOR REVIEW GRANTED; REVERSED and REMANDED**