**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZ ELENA CATALAN, | No. 12-72182 |
| Petitioner, | |
| | Agency No. A070-962-154 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Luz Elena Catalan, a native and citizen of Guatemala, petitions for review of

the order of the Board of Immigration Appeals ("BIA") affirming an immigration

judge's decision denying her motion to reopen her deportation proceedings held in

absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

discretion the agency's denial of a motion to reopen, *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1154-55 (9th Cir. 2004), and review de novo due process claims, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion by denying Catalan's motion to reopen alleging a lack of notice and seeking to apply for suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997). Catalan filed her motion beyond the ordinary motions deadline of September 30, 1996, and the special deadline of September 11, 1998, for NACARA motions, *see* 8 C.F.R. §§ 1003.23(b)(1), 1003.43(e)(1), and Catalan's signature acknowledging receipt of an order to show cause notifying her in English and Spanish of her rights and obligations, the time and place of her deportation hearing, and the consequences of failing to appear establishes that she received adequate notice of her deportation proceedings, *see Flores-Chavez*, 362 F.3d at 1155-56 ("[I]n order to receive generally adequate notice, an alien must be informed, in a language he understands, of his rights and responsibilities in regard to the deportation hearing, the time and place of that hearing and the consequences of failing to appear.").

The BIA did not violate Catalan's due process rights by failing to provide a reasoned explanation for its denial of her motion to reopen because it provided specific and cogent reasons sufficient to enable our review of its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The agency] is required . . . merely . . . [to] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**