**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KHALIL ABDULAZIZ MOHAMAD AL TAREB, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70089 <br><br> Agency No. A079-656-259 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 16, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and HURWITZ, Circuit Judges.

Khalil Abdulaziz Mohamad-Al-Tareb ("Al-Tareb"), a native and citizen of

Yemen, petitions for review of a decision of the Board of Immigration Appeals

affirming an immigration judge's denial of his applications for asylum,

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

withholding of removal, and protection under the Convention Against Torture ("CAT"). Al-Tareb asserted past persecution and a fear of future persecution as well as a claim for humanitarian asylum relief. We remand.

This court's jurisdiction is governed by 8 U.S.C.A. § 1252. This court reviews the relevant legal conclusions *de novo*, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), and the IJ's factual findings under the substantial evidence standard, *Lopez-Rodriquez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008).

We conclude that the BIA properly rejected Al-Tareb's CAT claim. However, in denying relief the IJ did not afford a presumption of future fear of persecution to Al-Tareb, despite having assumed past persecution. This constituted error and requires a remand.

We had previously remanded this matter to the Board for a determination as to whether humanitarian asylum should be granted to Al-Tareb. Although the issue of humanitarian asylum was not before the IJ at the initial hearing, the Board decided the question on the record before the IJ. The factual findings relevant to Al-Tareb's humanitarian asylum claim were thus made in the first instance by the Board. Because we are remanding to the IJ to address the future persecution issue, a remand is also appropriate on this issue.

We REMAND for further proceedings consistent with this disposition.