**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUKHCHAIN SINGH,

  Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 11-73180

Agency No. A088-924-867

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:   RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

  Sukhchain Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo the agency's legal determinations, including claims of due process violations, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Singh failed to establish he suffered past persecution in India. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment due to religious beliefs did not compel finding of past persecution). Substantial evidence also supports the agency's finding that Singh failed to establish a well-founded fear of persecution in India on account of his Sikh religion, where his Sikh parents, brother, and sister have continued to live in India without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in [applicant's home] country without incident[.]") (internal citation omitted). In addition, substantial evidence supports the agency's finding that Singh failed to establish a nexus between his fear of the smuggler and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) (petitioner must "demonstrate that one of the five protected

grounds will be at least one central reason for his persecution."). Consequently, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

We reject Singh's contention that the agency violated due process in determining that he failed to establish past persecution or a well-founded fear of future persecution. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). Further, the record does not support Singh's contentions that the agency failed to consider relevant country condition evidence or failed to determine how circumstances in India affect his situation.

**PETITION FOR REVIEW DENIED.**

11-73180