FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHUSHAL SHARIFI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72873<br><br>Agency No. A029-778-528<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2013
Pasadena, California

Before: PREGERSON and CHRISTEN, Circuit Judges, and SILVER, Senior
District Judge.**

Khushal Sharifi, a native and citizen of Afghanistan, petitions for review of

the Board of Immigration Appeals's ("BIA") denial of his motion to reopen

removal proceedings based on changed country conditions.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Roslyn O. Silver, Senior District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review. In 1991, the Immigration Judge ("IJ") denied Sharifi's initial applications for asylum and withholding of removal. In 1994, the BIA affirmed the IJ's decision on adverse credibility grounds and ordered Sharifi excluded and deported. Fifteen years later, Sharifi sought to reopen his exclusion proceedings based on evidence of changed country conditions. He also submitted an updated application for asylum, withholding of removal, and relief under the Convention Against Torture. In August 2010, the BIA denied Sharifi's motion to reopen as untimely. The BIA also concluded that Sharifi failed to establish materially changed country conditions which would excuse the ninety-day time limit to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). A petitioner may file a motion to reopen an asylum application at any time if it "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. §1229a(c)(7)(C)(ii). To prevail, the petitioner "need only establish a prima facie case for relief, and need not conclusively establish that he warrants relief." *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.

2

2003). This court may reverse the BIA's decision if it is "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (internal quotation marks omitted).

Here, evidence does not support the BIA's determination that Sharifi failed to establish materially changed country conditions. The increased power of the Taliban in Afghanistan and Sharifi's brother's capture by the organization in 2009 demonstrated "qualitatively different" evidence of changed country conditions to warrant reopening. *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (citing *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

Sharifi did not face the same dangers in 1994 that he now faces should he return. When the BIA first reviewed Sharifi's application for relief, Hizb-e-Islami was at the height of its power and the Taliban was barely (if at all) in existence. Today, the Taliban commits horrendous atrocities, including large scale massacres, against its political enemies, including Hizb-e-Islami.

Afghanistan is now a more dangerous place for opponents of the Taliban. The 2009 Country Report states that "[p]ersistent Taliban and antigovernment activity, interfactional fighting between regional warlords, and criminal activity resulted in hundreds of unlawful killings and civilian casualties." The Taliban has also claimed responsibility for acts of mass violence against political targets.

Indeed, "Taliban and insurgent attacks [have] escalated in both number and complexity." The record also supports Sharifi's position that the Taliban targets those with associations to Hizb-e-Islami. Moreover, the Afghan government is unable to protect civilians from the Taliban's persistent violence, as the "security situation in the country deteriorated significantly during the year [2009], and civilian casualties rose accordingly."

Contrary to the BIA's ruling, the Taliban's detention, abuse, and kidnapping of Sharifi's brother was also sufficiently material to Sharifi's claim to warrant a remand, as persecution of family members can be evidence of a material change in country conditions. *Malty*, 381 F.3d at 946. A letter from the Afghanistan Ministry of Interior plainly states that the Taliban detained Sharifi's brother and that Sharifi is similarly in danger:

> Khushal Sharifi who resides in the United States of America, if he returns to the country of Afghanistan, due to his past [he] will be under a severe threat of harm, like his brother . . . . Therefore, he should under no circumstances return to Afghanistan.

Sharifi's evidence of changed country conditions establishes that circumstances have significantly worsened in Afghanistan for those with ties to Hizb-e-Islami generally, and for Sharifi's family specifically. *Malty,* 381 F.3d at 946. Sharifi's evidence is also "qualitatively different" from the evidence presented on appeal to

4

the BIA in 1994. *Najmabadi*, 597 F.3d at 987. Whereas Sharifi testified that in 1989 his father and uncle were killed while fighting with the mujahideen against the Soviet-backed Afghan government, Sharifi's brother, on the other hand, was kidnapped by the Taliban after returning to Afghanistan in 2009. The reasons behind each incident are entirely different.

Because the government does not argue that the facts alleged in the Ministry of Interior document and Sharifi's declaration are not "inherently unbelievable," *Malty*, 381 F.3d at 947, and must be taken as true, *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005), Sharifi has sufficiently established the danger and persecution he would face because of his ties to Hizb-e-Islami.

Accordingly, the BIA abused its discretion in dismissing Sharifi's new and previously unavailable evidence of persecution. We therefore grant the petition for review and remand to the BIA with instructions to reopen proceedings. *See Malty*, 381 F.3d at 948.

**PETITION GRANTED; REMANDED.**