

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROXANA MARIA ELIZABETH VASQUEZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-71080<br><br>Agency No. A094-787-659<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014**

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Roxana Maria Elizabeth Vasquez-Hernandez, a native and citizen of El

Salvador, petitions for review of an order of the Board of Immigration Appeals

("BIA") dismissing her appeal from a decision of an immigration judge ("IJ")

denying her motion to reopen removal proceedings conducted in absentia. Our

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying Vasquez-Hernandez's motion to reopen seeking to rescind her in absentia order of removal based on lack of notice, where the agency sent a hearing notice by regular mail to Vasquez-Hernandez's most recent address of record, and Vasquez-Hernandez did not present sufficient evidence to rebut the presumption of effective delivery. *See Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) ("The government satisfies notice requirements 'by mailing notice of the hearing to an alien at the address last provided to the [agency].'" (citation omitted)); *see also Sembiring v. Gonzales*, 499 F.3d 981, 988-89 (9th Cir. 2007) (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective delivery). Moreover, Vasquez-Hernandez has not established other grounds for rescission of the in absentia order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

The agency applied the correct legal standard to Vasquez-Hernandez's claim of lack of notice. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that agency "applied the correct legal standard" in a case where

it "expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

We lack jurisdiction to consider Vasquez-Hernandez's requests for *sua sponte* reopening, *see Toufighi v. Mukasey*, 538 F.3d 988, 993 n.8 (9th Cir. 2008), and prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**