**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHADAB DAIM GHAZALI, a.k.a. Anwer Mohammad Malik,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 11-71761<br><br>Agency No. A097-102-188<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Shadab Daim Ghazali, a native and citizen of Pakistan, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen removal

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Han's request
for oral argument.

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and review de novo due process claims, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

In this case, the BIA did not abuse its discretion in denying Ghazali's motion to reopen in order to pursue an application for asylum based on its finding that Ghazali failed to comport with a procedural requirement for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(1); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008) (holding the BIA did not abuse its discretion in finding petitioner did not to satisfy the procedural requirements for his motion, in part because petitioner failed to submit a "completed application for relief[.]"). Further, the BIA did not err by not remanding the case to the IJ. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Finally, we do not reach Ghazali's contentions regarding the IJ's denial of his motion. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002) ("Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision.").

**PETITION FOR REVIEW DENIED.**