FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALEJANDRO RAMIREZ-GALLARDO, AKA Bertin Gallardo, AKA Elmochomo Moniker, AKA Bertin Ramirez Gallardo, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-73711 Agency No. A205-310-474 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014**

Before:      LEAVY, GOULD, and BERZON, Circuit Judges.

Alejandro Ramirez-Gallardo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo due process claims, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Ramirez-Gallardo established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Thus, we deny the petition for review as to Ramirez-Gallardo's asylum claim.

Substantial evidence supports the agency's determination that Ramirez-Gallardo failed to establish past persecution or a fear of future persecution on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Ramirez-Gallardo's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Ramirez-Gallardo's CAT claim because he failed to demonstrate it is more likely than not

he would be tortured at the instigation of, or with the acquiescence of the Mexican government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Ramirez-Gallardo's due process claims because the record does not support his contentions of IJ bias or error by the BIA.  *See Lata v. INS*, 204 F.3d 1241 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**