NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARDO MARTINEZ-VALLES, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-71313 Agency No. A070-289-860 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017**
San Francisco, California

Before: OWENS and FRIEDLAND, Circuit Judges, and BUCKLO,*** District
Judge.

Petitioner Leonardo Martinez-Valles, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals ("BIA") decision affirming

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

an Immigration Judge's determination that Petitioner withdrew an earlier appeal pursuant to 8 C.F.R. § 1003.4. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

We review questions of law de novo. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). The BIA did not err in deeming Petitioner's first appeal to the BIA withdrawn because it is undisputed that Petitioner voluntarily departed the United States while his appeal of a removal order was pending. Under 8 C.F.R. § 1003.4, this departure constitutes a withdrawal of his appeal. *See Aguilera-Ruiz v. Ashcroft*, 348 F.3d 835, 839 (9th Cir. 2003).

Petitioner's contention that his due process rights were violated due to insufficient notice fails because Petitioner admits that he received two separate notices warning him that departing the United States might lead to withdrawal of his appeal. Although the notices Petitioner received were not identical—the first warned that departure "may" lead to withdrawal, while the latter warned that departure "will" lead to withdrawal—the difference between them is immaterial. Both notices conveyed a general advisory of 8 C.F.R. § 1003.4's consequences and were not contradictory. Because Petitioner received adequate notice of the rule, his due process challenge fails. *Cf. Martinez-de Bojorquez v. Ashcroft,* 365 F.3d 800, 806 (9th Cir. 2004) (application of 8 C.F.R. § 1003.4 "without any notice whatsoever" can violate due process in some circumstances). That the BIA did not

2

specifically cite the earlier notice in its decision does not change this result. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) ("The BIA is not required to 'expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.'" (quoting *Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006))).

**PETITION FOR REVIEW DENIED.**