NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OUMAR YAIDER ABDERMAN,<br><br>              Petitioner,<br><br>     v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>              Respondent. | No.   16-70933<br><br>Agency No. A089-839-386<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 20, 2018**
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Petitioner, Oumar Yaider Abderman ("Yaide"),[1] is a native and citizen of

Chad.  He seeks review of an order of the Board of Immigration Appeals ("BIA")

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]       We follow the parties lead in referring to petitioner as "Yaide."

denying his applications for asylum and withholding of removal.[2]  Yaide argues he is eligible for asylum and withholding of removal under the Immigration and Nationality Act because he is a member of a disfavored group (Goranes) and the record compels a finding that he has an individualized risk of future persecution. *See* 8 U.S.C. §§ 1101(a)(1)(42) (asylum), 1231(b)(3) (withholding of removal). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[3]

An agency's denials of asylum and withholding of removal are reviewed for substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). Under this "highly deferential" standard, the petitioner "must show that the evidence compels reversal." *Chebchoub v. I.N.S.*, 257 F.3d 1038, 1042 (9th Cir. 2001), *superseded by statute on other grounds as stated in Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010). The BIA affirmed the IJ's holding that although Yaide had a subjective fear of persecution and the Goranes are likely a disfavored group in Chad, Yaide's fear of persecution was not objectively reasonable. To meet the objective component, Yaide must have shown either: (1) there is a systematic pattern or practice of persecution against the Goranes; or (2) he has an

---

[2]     Although Yaide sought protection under the Convention Against Torture ("CAT") in the agency proceedings, his petition for review challenges only the denial of asylum and withholding of removal.

[3]     The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

2

individualized risk of being singled out for persecution. *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004).

The record does not compel either of these conclusions. First, there is no compelling evidence that Goranes are specifically targeted because of their ethnicity. While there is evidence of arrests and detentions of Goranes in Chad, such treatment is most likely a product of the government's opposition to rebel groups, such as the UFDD, many of whose members are Goranes. Second, there is no compelling evidence that Yaide has an individualized risk of future persecution. Apart from his father's imprisonment nearly thirty years ago, Yaide has not presented evidence that he or his immediate family has ever been threatened, harmed, or persecuted. And since being released from prison in the early 1990s, Yaide's father has maintained a stable job for over fifteen years and has traveled outside of Chad and returned without incident. Thus, the record does not show that Yaide's fear of persecution is sufficiently individualized.

Contrary to the government's contention, we have jurisdiction over Yaide's argument concerning the affidavit of his cousin, Youssof Moussa, because Yaide addressed the underlying facts in his appeal to the BIA. Although cast as a due process claim, Yaide's argument is a repackaging of his claim that the IJ abused his discretion in not giving adequate weight to Moussa's affidavit. The IJ or BIA "abuses its discretion 'when it fails to state its reasons and show proper

3

consideration of all factors when weighing equities and denying relief.'" *Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (quoting *Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009)). While there was no direct reference to Moussa's declaration, the IJ stated twice that he had reviewed the documentary evidence in making his decision. The IJ "does not have to write an exegesis on every contention." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). Moreover, the IJ warned Yaide's counsel that Moussa needed to be present for cross-examination for his declaration to receive any significant weight. Nonetheless, Yaide's counsel "elected to not present [Moussa] for live testimony." Yaide fails to show a due process violation or an abuse of discretion.

Because Yaide has failed to satisfy his burden of proof required for asylum, it follows that he has not met the more stringent burden required for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

**PETITION DENIED.**

4