**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

AUG 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORIBEL CALIXTON NAPALA, | No. 17-70879 |
| Petitioner, | Agency No. A206-352-611 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Petitioner Loribel Calixton Napala ("Napala"), a native and citizen of the

Philippines, petitions for review of the decision of the Board of Immigration

Appeals ("BIA") affirming the order of the Immigration Judge ("IJ") denying her

applications for asylum and withholding of removal. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

§ 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. "Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency action." *Singh v. Holder*, 638 F.3d 1264, 1268 (9th Cir. 2011). While we review legal questions de novo, findings of fact are reviewed for substantial evidence, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), meaning that those findings must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Because Napala conceded that she had not suffered past persecution, she would be eligible for asylum only if she established a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B). Napala claimed such a fear based on an outstanding Philippine arrest warrant resulting from a 2011 criminal complaint against her for concubinage. Noting that Napala had engaged in a "bigamous marriage[]" when she married an already-married Filipino man in Hong Kong in 1995, the IJ concluded that Napala faced "ordinary prosecution" for criminal activity, "not persecution." We find no basis for overturning the IJ's determination.

Napala contends that, by threatening prosecution for concubinage and by disallowing divorce more generally, the Philippines "infringes upon its citizens' fundamental rights to marry, divorce, and remarry freely." To the extent that this claim is based on an alleged interference with her husband's 2012 divorce in

Hawaii or their subsequent marriage there in 2015, there is no factual basis for such a contention. The concubinage charge was filed in 2011, at a time in which Napala was in a bigamous relationship, and there is no fundamental right to engage in bigamy. The fact that Napala's husband *later* obtained a divorce from his first wife from a Hawaii court in 2012, and then married Napala in Hawaii in 2015, does not erase the fact that she engaged in bigamy in the Philippines in 2011. To the extent that Napala instead contends that the threatened prosecution for engaging in concubinage in the Philippines in 2011 violates her fundamental rights under the law of the Philippines, we cannot consider such a claim because Napala failed to raise it before the agency. *See* 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

An ordinary criminal prosecution is not persecution on account of a protected ground unless it is pretextual or involves "'disproportionately severe punishment.'" *Li v. Holder*, 559 F.3d 1096, 1109 (9th Cir. 2009) (quoting *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc)). The record does not compel a finding that either of these exceptions applies. The agency's finding that the prosecution was not a pretext for persecution on a protected ground is reasonable given that (1) Napala does not contest the factual basis for the prosecution—she admittedly married and cohabitated for many years with a man who was already

3

married; and (2) the prosecution was initiated by the offended spouse, and not at the behest of authorities in the Philippines. Substantial evidence also supports the conclusion that Napala's punishment would not be "disproportionately severe." *Fisher*, 79 F.3d at 962. The record evidence indicates that Napala could avoid jail by posting a bail of approximately $50, and that her punishment upon conviction would be limited to "*destierro*," which would prohibit her from "enter[ing] the place or places designated in the sentence, [or] within the radius therein specified, which shall be not more than 250 and not less than 25 kilometers from the place designated." *See* REVISED PENAL CODE, Act No. 3815, as amended, art. 87 (Phil.).

Accordingly, substantial evidence supports the IJ's conclusion that Napala faces only ordinary criminal prosecution and not persecution on account of a protected ground.[1]

2. Because Napala failed to show a well-founded fear of persecution, she

---

[1] To the extent that Napala claims that she would face persecution due to antagonism from "society at large" for her concubinage, the record does not compel such a conclusion. As the IJ noted, evidence in the record supports the view that "more than half of the Philippine adult population now supports legalization of divorce." The IJ also pointed to the State Department's Country Report, which does not include human rights abuses due to concubinage convictions among the many human rights concerns included in the report. Moreover, Napala's husband contended that his situation of simultaneously having two households with two women was "common" in the Philippines. Napala has filed a motion in this court to present additional evidence on this point that was not presented to the agency, but we deny that motion. *See* 8 U.S.C. § 1252(b)(4)(A) (this court is limited to reviewing "the administrative record on which the order of removal is based").

4

necessarily failed to meet the higher "clear probability" standard necessary for withholding of removal. *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

3. Napala's opening brief in this court contends that she should have been granted relief under the Convention Against Torture ("Torture Convention"). However, Napala stated before the agency that she was not pursuing a Torture Convention claim because she did not fear torture. Therefore, she has failed to exhaust that claim, and this court does not have jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Barron*, 358 F.3d at 678.

The petition for review is **DENIED**.