NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO VINICIO HERRERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-70086

Agency No. A205-024-465

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2022
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Marco Vinicio Herrera, a citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") upholding the denial by an Immigration Judge ("IJ") of his application for withholding of removal. We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review legal questions and due process claims *de novo*, and we review the agency's factual findings for substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Herrera's Notice to Appear ("NTA") did not contain the date, time, and location of his hearing, although this information was supplied to him six days later in a Notice of Hearing. Herrera's argument that the immigration court lacked jurisdiction due to the defective NTA is without merit. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 2022 WL 2662044, at *5–6 (9th Cir. 2022) (en banc); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1158–59 (9th Cir. 2019).

2. The agency properly determined that Herrera did not suffer past persecution. Herrera's allegations that he suffered past persecution in Guatemala were based entirely on threats. Although "credible 'death threats alone can constitute persecution,'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted), this is true only in "a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm,'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (citation omitted). The alleged threats against Herrera did not rise to this level. Herrera alleges that he received one express death threat from a man named Epifanio in 2001 or 2002 and that two months later Epifanio brandished a weapon and unsuccessfully told Herrera to get in his car. Herrera stated in a declaration that, while still in Guatemala, he also received death threats by phone and saw anonymous persons "who would make signs and gestures towards [him] to threaten [him]." Herrera

2

further asserted that, after Epifanio died, various relatives of Epifanio relayed threats against Herrera, who was then in the United States. These various "unfulfilled threats" do not rise to the level of the "'extreme' case where threats alone" constitute past persecution; they instead "constitute harassment rather than persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (citations omitted); *see also Sharma v. Garland*, 9 F.4th 1052, 1064 (9th Cir. 2021).

With respect to the issue of future persecution, Herrera's only argument is that, by erroneously finding no past persecution, the agency wrongly placed on him the burden to demonstrate a likelihood of future persecution. Because the agency did not err in finding that Herrera had not suffered past persecution, this argument necessarily fails. *See* 8 C.F.R. § 1208.16(b)(2).

Accordingly, the BIA properly upheld the denial of Herrera's application for withholding of removal.

3. We reject Herrera's arguments that his due process rights were violated in his removal proceedings. To establish a due process violation, an alien must, *inter alia*, "demonstrate[] prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (internal quotations omitted). "The prejudice standard does not demand absolute certainty; rather prejudice is shown if

3

the violation *potentially* affects the outcome of the proceedings." *Ching v. Mayorkas*, 725 F.3d 1149, 1156–57 (9th Cir. 2013) (simplified).

As an initial matter, we conclude that the record does not support Herrera's contention that the IJ's conduct of the hearing exhibited a lack of impartiality.

Moreover, although the IJ could have done more to explain the requirements of withholding of removal—particularly the meaning and significance of a particular social group—any failure on this score was not prejudicial because Herrera's withholding claim fails on the separate and independent ground that he failed to establish persecution. On *that* issue, Herrera has provided no basis to conclude that any of the alleged procedural deficiencies—lack of counsel, lack of explanation of the applicable requirements for relief, or failure to develop the record—might have led to a different outcome. The record amply confirms that Herrera understood the need to demonstrate persecution, and the evidentiary record was adequately developed with respect to that issue. Herrera had submitted a declaration describing the alleged threats, and he testified to these issues at some length at his hearing. Herrera points to no additional evidence that he did not already present to the agency regarding alleged persecution. Therefore, any alleged procedural deficiencies were not prejudicial, and Herrera's due process arguments fail.

**PETITION DENIED.**

4