NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIA MERCEDES HERNANDEZ LOPEZ DE LOPEZ, et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-196 <br><br> Agency Nos. <br> A220-147-837 <br> A220-147-838 <br> A220-147-839 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
Pasadena, California

Before: GRABER, HAMILTON[***], and BUMATAY, Circuit Judges.

Petitioners Julia Mercedes Lopez de Lopez and her children, M.Y.L.H. and

C.J.L.H., are natives and citizens of Guatemala.  They seek review of a decision by

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a).

Where, as here, the BIA issues its own decision and does not adopt the IJ's decision, we review only the BIA's decision. *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009). We review factual findings underlying the BIA's determination of eligibility for asylum, withholding of removal, and CAT relief for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under substantial evidence review, we reverse the BIA's factual findings if the evidence compels a different conclusion from the one reached by the BIA. *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). We review de novo the BIA's determinations of questions of law. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We grant the petition in part, deny it in part, and remand for further proceedings.

1. The BIA erred when it declined to address the merits of Petitioners' proposed social group of "Guatemalan women."[1] Petitioners' brief to the BIA

---

[1] On appeal, Petitioners do not raise any other proposed social groups, so their claims based on the other groups are waived. *Rizk v. Holder*, 629 F.3d 1083, 1091

sufficiently challenged the IJ's determination, thereby exhausting administrative remedies for their proposed social group argument. A petitioner exhausts remedies on her claim if "the BIA was sufficiently on notice so that it 'had an opportunity to pass on th[e] issue.'" *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)). In *Zhang*, we held that the fact that a petitioner "explicitly mentioned in his brief to the BIA that he was requesting reversal of the IJ's denial of relief under the Convention Against Torture" was sufficient to preserve the claim. *See Zhang*, 388 F.3d at 721; *see also Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015) (rejecting the government's argument that petitioner for asylum and withholding of removal failed to exhaust his proposed social group when the petitioner raised his claim in his brief to the BIA).

Here, Petitioners exhausted their challenge to the IJ's denial of asylum and withholding of removal based on the proposed social group of "Guatemalan women." In their brief to the BIA, Petitioners listed the required elements of a particular social group, quoted case law interpreting the requirements, and applied case law to their proposed social group. *See* AR 13–15. Because Petitioners' brief

---

n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

"put the BIA on notice of what was being challenged," *Bare,* 975 F.3d at 960, the BIA erred when it declined to address Petitioners' arguments on the merits.

2. Under *SEC v. Chenery Corp.*, we do not determine in the first instance Petitioners' eligibility for asylum and withholding of removal, including the viability of their proposed particular social group of "Guatemalan women." *See* 318 U.S. 80, 88 (1943) ("If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment."); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam) (finding that the circuit court erred by resolving petitioner's applications for asylum and withholding of removal instead of remanding to BIA for consideration of arguments in first instance). The Supreme Court has instructed us to "remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Orlando Ventura*, 537 U.S. at 16. "This principle has obvious importance in the immigration context," *id.* at 16–17, and, because the BIA has not yet addressed a critical issue raised by Petitioners, we apply it here.

3. The BIA did not err in denying Petitioners' CAT claim because Petitioners' evidence of generalized violence toward women in Guatemala is insufficient for CAT protection. This evidence does not show that Petitioners will more likely than not suffer harm "inflicted by" the Guatemalan government "or at

the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019) (citations and internal quotation marks omitted); *see id.* at 662–63 (upholding denial of CAT claim because petitioner's evidence of general violence in home country did not make probability of future torture more likely than not); *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (upholding denial of CAT claim where petitioner "did not cite any direct evidence that the Mexican government or local Mexican officials are aware of and have acquiesced in any cartel plan to torture [him]" and instead relied "only on generalized country reports and news clippings").

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**